UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

CHARLES E. PERKINS,

    Petitioner,    Case No. 1:20-cv-158

v.    Honorable Paul L. Maloney

MELINDA BRAMAN,

    Respondent.
_____/

# **OPINION**

    This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition with prejudice for because the claims are barred by procedural default.

**Discussion**

I. **Factual allegations**

Petitioner Charles E. Perkins is incarcerated with the Michigan Department of Corrections at the Parnall Correctional Facility (SMT) in Jackson County. Petitioner pleaded guilty in the Kent County Circuit Court to Armed Robbery in violation of Mich. Comp. Laws § 750.529. On February 26, 2014, the court sentenced Petitioner to a sentence of 108 to 120 months.

On August 14, 2014, Petitioner filed a delayed application for leave to appeal his sentencing to the Michigan Court of Appeals. The court of appeals denied the request on September 26, 2014, because the appeal lacked merit in the grounds presented. Petitioner filed for leave to appeal with the Michigan Supreme Court. The Michigan Supreme Court denied Petitioner's application on April 28, 2015. Petitioner did not petition for a writ of certiorari with United States Supreme Court.

Petitioner filed his first motion for relief from judgment under Michigan Court Rule 6.500 with the trial court on March 29, 2016. Petitioner alleged that his counsel provided ineffective assistance because counsel "fail[ed] to argue/raise mitigating circumstances, and fail[ed] to object to aggravating circumstances" related to Petitioner's sentencing. (Pet., ECF No. 1, PageID.3.) The trial court denied the motion on April 2, 2016. Petitioner sought leave to appeal with the court of appeals. The court of appeals denied the request on February 17, 2017. Petitioner did not apply for leave to appeal with the Michigan Supreme Court. However, Petitioner has apparently filed at least three more motions for relief from judgment with the trial court, which were respectively denied on July 27, 2017, October 1, 2018, and November 7, 2019. (*See* Ex. 1 Supp. Pet., ECF No. 1-1, PageID.42.) Petitioner did not seek leave to appeal any of these three denials. *See* Case Search—Michigan Courts,

2

https://courts.michigan.gov/opinions_orders/case_search/Pages/default.aspx?SearchType=2&PartyName=perkins+charles (last visited Mar. 9, 2020).

On February 18, 2020, Petitioner filed his habeas corpus petition. Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner placed his petition in the prison mailing system on February 18, 2020. (Pet., ECF No. 1, PageID.12.)

The petition raises two grounds for relief, as follows:

I. There is no factual basis to support defendant's guilty plea to armed robbery.

II. Ineffective Assistance of counsel.

(Pet., ECF No.1, PageID.6-7.)

## II. Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *Id.* at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275-77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen v. Perini*, 424 F.2d 134, 138-39 (6th Cir. 1970).

Petitioner has not raised either his sufficiency of the evidence or his ineffective assistance of counsel issues in either Michigan appellate court.

Failure to exhaust state court remedies is only a problem, however, if there is a state court remedy available for petitioner to pursue, thus providing the state courts with an opportunity to cure any constitutional infirmities in the state court conviction or sentence. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). If no further state remedy is available to the petitioner, exhaustion does not present a problem, but the claim is procedurally defaulted, and the federal court must determine whether to excuse the failure to present the claim in state court. *Id*.

Under Michigan law effective August 1, 1995, a defendant may file one motion for relief from judgment under Michigan Court Rule 6.500 *et. seq*. See Mich. Ct. R. 6.502(G)(1). Petitioner already has filed his one allotted motion. Indeed, he has apparently filed four such motions. (*See* Ex. 1 Supp. Pet., ECF No. 1-1, PageID.42.) Because he already filed at least one motion, he therefore has no available remedy. At this juncture, the court must consider whether there is cause and prejudice to excuse Petitioner's failure to present the claims in state court. *See Gray v. Netherland*, 518 U.S. 152, 161-62 (1996); *Rust*, 17 F.3d at 160.

If a petitioner procedurally defaulted his federal claim in state court, the petitioner must demonstrate either: (1) cause for his failure to comply with the state procedural rule and actual prejudice flowing from the violation of federal law alleged in his claim, or (2) that a lack of federal habeas review of the claim will result in a fundamental miscarriage of justice. *See House v. Bell*, 547 U.S. 518, 536 (2006)*; Murray v. Carrier*, 477 U.S. 478, 495 (1986); *Hicks v. Straub*, 377 F.3d 538, 551-52 (6th Cir. 2004).

**A.     Cause**

Petitioner offers no external cause for his failure to raise either of his issues on appeal. To show cause sufficient to excuse a failure to raise claims on direct appeal, Petitioner

4

must point to "some objective factor external to the defense" that prevented him from raising the issue. *Murray*, 477 U.S. at 488; *see McCleskey v. Zant*, 499 U.S. 467, 497 (1991). A petitioner who fails to demonstrate cause and prejudice cannot have a cognizable claim. *Gray*, 518 U.S. at 162. Further, where a petitioner fails to show cause, the court need not consider whether he has established prejudice. *See Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Leroy v. Marshall*, 757 F.2d 94, 100 (6th Cir. 1985).

Factors that may establish cause include interference by officials, attorney error rising to the level of ineffective assistance of counsel, and a showing that the factual or legal basis for a claim was not reasonably available. *Cvijetinovic v. Eberlin*, 617 F.3d 833, 837 (6th Cir. 2010) (citing *Hargrave-Thomas v. Yukins*, 374 F.3d 383, 388 (6th Cir. 2004) (citing *McClesky v. Zant*, 499 U.S. 467, 493-94 (1991) (quotations omitted)). There is no apparent interference by officials, Petitioner is not entitled to counsel to pursue a collateral challenge under Michigan Court Rule 6.500 *et seq.*,[1] and Petitioner has not shown that the factual or legal basis was unavailable. Petitioner's *pro se* status or ignorance of the requirement to raise the issue at all levels of the state courts would not constitute cause. *Hannah v. Conley*, 49 F.3d 1193, 1197 (6th Cir. 1995). Therefore, because Petitioner has not demonstrated sufficient cause, the Court cannot excuse his procedural default for cause and actual prejudice.

**B.    Miscarriage of Justice**

Petitioner also fails to show that the Court should overlook the procedural default because a fundamental miscarriage of justice would otherwise result. *See House*, 547 U.S. at 536.

---

[1] Ordinarily, there is "no constitutional right to an attorney in state postconviction proceedings." *Coleman v. Thompson*, 501 U.S. 722, 725 (1991).

Liberally construing the petition, Petitioner arguably alleges that his procedural default should be excused because he is "actually innocent." *Id.*

The miscarriage-of-justice exception only can be met in an "extraordinary" case where a prisoner asserts a claim of actual innocence based upon new reliable evidence. *House*, 547 U.S. at 536-37. In determining whether an applicant has met the requirements for establishing a cognizable claim of actual innocence in order to obtain review of a procedurally defaulted claim, the court must apply the actual-innocence standard developed in *Schlup v. Delo*, 513 U.S. 298 (1995). *See Souter v. Jones*, 395 F.3d 577, 596 (6th Cir. 2005). Under *Schlup*, the petitioner "must show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 327 ("[T]he standard requires the district court to make a probabilistic determination about what reasonable, properly instructed jurors would do. Thus, a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."); *see also Souter*, 395 F.3d at 602; *Cleveland v. Bradshaw*, 693 F.3d 626, 633 (6th Cir. 2012). "[T]o be credible a gateway claim requires new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial." *House*, 547 U.S. at 537 (internal quotation marks omitted). The Court must consider "all the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial." *Id.* (internal quotation marks omitted). "[T]he *Schlup* standard is demanding and permits review only in the 'extraordinary' case." *House*, 547 U.S. at 538 (quoting *Schlup*, 513 U.S. at 327) (internal quotation omitted).

Petitioner does not point to new reliable evidence tending to show that no reasonable juror would have found him guilty. Therefore, Petitioner fails to demonstrate that his is the exceptional case where a miscarriage of justice will result if the Court does not overlook Petitioner's procedural default. *See House*, 547 U.S. at 536-37.

Instead, Petitioner argues the evidence never sufficed to convict him of armed robbery because he neither was armed nor told anyone that he was. Even if the Court were to ignore the *House* requirement that Petitioner point to *new*, reliable evidence, his argument would still fail.

Petitioner pleaded guilty to armed robbery. According to documents he attached to the petition, Petitioner admits he robbed a Subway restaurant while holding a toilet brush "with his hand in his right pocket." (Ex. 1 Supp. Pet., ECF No. 1-1, PageID.31.) He further alleges that he "was found unarmed, and never threated anyone with an immediate battery" and consequently "should have been charged with, and pled guilty to, unarmed robbery." (*Id.*, PageID.33.) Petitioner apparently contends that, because he wielded only a toilet brush and he never expressly "threaten[ed] anyone with bodily injury," he cannot be guilty of armed robbery. (*Id.*, PageID.31.) Yet, Petitioner's argument is utterly flawed.

A defendant can be guilty of armed robbery if, during a robbery, he holds his hands in his pockets and makes it look like he could be holding onto a handgun or other dangerous weapon. *See People v. Henry*, 889 N.W.2d 1 (2016), *appeal denied*, 889 N.W. 2d 247. In Michigan, a defendant is guilty of armed robbery in violation of section 750.529 if:

> he engages in conduct under MCL 750.530[2] and (1) he actually possesses a dangerous weapon, *or* (2) he possesses some article that would lead a person to reasonably believe that the article is a dangerous weapon, *or* (3) he orally represents

---

[2] Mich. Comp. Laws § 750.530 is Michigan's basic robbery statute.

> that he possesses a dangerous weapon, *or* (4) he otherwise represents that he possesses a dangerous weapon.

*Id.* at 5; *see also* Mich. Comp. Laws § 750.529. The court of appeals in *Henry* interpreted the final armed-robbery category—representing that one possesses a dangerous weapon—to include robberies virtually identical to Petitioner's. *See Henry*, 889 N.W.2d at 1-6. The court of appeals held that even though the defendant may not have had a weapon, he had "'otherwise represented' that he was armed by placing his hands in his [sweatshirt] pockets and pushing them forward." *Id.* at 6. No words or weapons were required to uphold the defendant's conviction for armed robbery.

A juror could reasonably infer that Petitioner represented that he was armed when he robbed Subway. Shortly before closing, Petitioner "came out of the bathroom with his hand in his right [coat] pocket, holding the toilet brush, and proceeded to rob the restaurant." (Ex. 1 Supp. Pet., ECF No. 1-1, PageID.31.) The hand and toilet brush presumably caused a noticeable bulge or protrusion in Petitioner's coat suggestive of a handgun barrel, knife, or baton. As in *Henry*, such a bulge in the clothing can demonstrate that a defendant represented that he was armed. Petitioner fails to distinguish his case from the facts in *Henry*.

Thus, Petitioner cannot demonstrate that "no juror, acting reasonably, would have voted to find him guilty . . . ." *Schlup*, 513 U.S. at 327. Petitioner presents no new reliable evidence, *House*, 547 U.S. 536-37, much less evidence sufficient to establish that this Court's refusal to hear the defaulted claims would be a "miscarriage of justice," *Schlup*, 513 U.S. at 326. Therefore, Petitioner cannot meet the high threshold for a reliable claim of actual innocence.

For all the reasons set forth above, the Court finds no reason to excuse Petitioner's procedural default. Accordingly, the Court will dismiss the petition.

III. **Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. The standard a petitioner must meet depends on whether the issues raised in the petition were denied on the merits or on procedural grounds.

This Court denied Petitioner's application on the procedural grounds of procedural default. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this court correctly dismissed Petitioner's claims on procedural grounds. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

Moreover, although Petitioner has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a constitutional right, the Court does not conclude that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**Conclusion**

The Court will enter a judgment dismissing the petition and an order denying a certificate of appealability.


Dated:   March 20, 2020                               /s/ Paul L. Maloney
                                                                         Paul L. Maloney
                                                                          United States District Judge